UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Case No. 25-cv-21514-MARTINEZ**

TERESA WILLIAMS, individually and as
the Personal Representative of the Estate of
Kevin Williams,

      Plaintiff,

vs.

CARNIVAL CORPORATION,

      Defendant.

_____/

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
<u>DEFENDANT'S MOTION TO DISMISS</u>**

Defendant, CARNIVAL CORPORATION, by and through its undersigned counsel, hereby files this Reply to Plaintiff's Opposition [ECF No. 16] to Defendant's Motion to Dismiss Plaintiff's Complaint [ECF No. 11], and states as follows:

Plaintiff, Teresa Williams brings this action on behalf of her deceased husband. [ECF No. 1]. Mr. Williams began feeling ill on the *Venezia* cruise ship, was treated in the *Venezia* Medical Center, and was referred shoreside in the Dominican Republic for further care. Mr. Williams ultimately passed away in a local hospital ashore.

Defendant moved to dismiss Counts I and II of the Plaintiff's Complaint for failure to state a claim. [ECF No. 11]. Defendant further moved to dismiss the improper requests for relief contained within Plaintiff's Complaint because the exclusive remedy available to Plaintiff is governed by the Death on the High Seas Act ["DOHSA"]. [ECF No. 11].

1

Plaintiff filed an Opposition to Defendant's Motion to Dismiss ("Plaintiff's Response"). [ECF No. 16]. For the reasons contained herein, Plaintiff's Response fails to clarify, cure, or remedy any of the pleading deficiencies contained in the Plaintiff's Complaint, and thus the Complaint should be dismissed.[1]

### I. Count I Fails to Allege any Facts Supporting Intentional Racial Discrimination or Overt Invocation of Race by Defendant, and thus Fails to State a Claim for Racial Discrimination Pursuant to 42 U.S.C. § 1981

A complaint raising a discrimination claim requires a pleading to "plausibly suggest that the plaintiff suffered [injury] due to intentional racial discrimination."[2] *Kennedy v. Sec'y, Dep't of Def.*, No. 24-11027, 2025 WL 1392216, at *1 (11th Cir. May 14, 2025) (*citing Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015)). "To state a claim for direct racial discrimination, a plaintiff must allege the **overt invocation of race by the alleged discriminator**—for instance, the use of a racial slur or racially charged language." *Ziyadat v. Diamondrock Hosp. Co.*, 3 F.4th 1291, 1296 (11th Cir. 2021) (emphasis added); *see also Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania,* 458 U.S. 375, 391, 102 S.Ct. 3141, 3150, 73 L.Ed.2d 835 (1982) (holding that "§ 1981, like the Equal Protection Clause, can only be violated by *purposeful* discrimination"). A § 1981 claim for intentional discrimination may be proven through direct or circumstantial evidence. *Ziyadat*, 3 F.4th at 1296 (citing *Rioux v. City of Atlanta*, 520 F.3d 1269, 1274 (11th Cir. 2008)).

---

[1] Based on Plaintiff's Response, Defendant withdraws its arguments regarding whether Carnival is considered a "state actor" under 42 U.S.C.A. § 1983. [ECF No. 11, pgs. 3 – 5].

[2] Plaintiff's Response argues that the appropriate standard for evaluating a motion to dismiss is the "plausibility standard." Defendant does not dispute this, as referenced in great detail in the "Legal Standards" section of Defendant's Motion to Dismiss. [ECF No. 11, pg. 2]. To be certain, Defendant does not seek to invoke the *McDonnell Douglas* burden-shifting framework at this stage. Rather, Defendant asks this Court to examine whether Plaintiff's allegations "provide enough factual matter to suggest intentional discrimination." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015).

While a complaint is not required to contain detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations omitted and alteration adopted). That is to say, "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Davis v. Miami-Dade Cnty.*, No. 23-12480, 2024 WL 4051215, at *2 (11th Cir. Sept. 5, 2024); *see Mondy v. Boulee*, 805 F. App'x 939, 942 (11th Cir. 2020) (plaintiff's "conclusory allegation that Magnolia acted with racial animus was insufficient to state a plausible claim" pursuant to 42 U.S.C. §1981).

A wholly unsupported charge that a defendant acted differently in cases not involving minority plaintiffs, even if it were supported by some specific facts or examples, is not sufficient to state a claim for racially motivated discrimination. *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1273 (11th Cir. 2004) (affirming dismissal of plaintiffs' §1981 claim: "The basic pleading problem remains exactly the same: the plaintiffs' charges are wholly conclusory, generalized, and non-specific claims of disparate treatment. These are simply insufficient to survive BellSouth's motion to dismiss. The plaintiffs have not alleged *any* facts that support so much as an inference that racial animus motivated the defendants.").

Recently, the Eleventh Circuit in *Kennedy* similarly addressed a claim for discrimination under Title VII[3] where the plaintiff alleged disparate treatment due to race and asserted at least seven (7) detailed occurrences within the Complaint. *Kennedy*, 2025 WL 1392216, at *1. The Court addressed all of these allegations and found they do not meet the plausibility standard: These facts do not "**plausibly suggest that [Kennedy] suffered an adverse employment action due to**

---

[3] "The elements of a claim of race discrimination under 42 U.S.C. § 1981 [ ] are the same as a Title VII disparate treatment claim in the employment context." *Rice-Lamar v. City of Ft. Lauderdale, Fla.*, 232 F.3d 836, 843, N.11 (11th Cir. 2000) (alterations added; citation omitted).

**intentional racial discrimination**." *Kennedy*, 2025 WL 1392216, at \*2 (emphasis original). "At most, they support an inference that Kennedy's supervisors disciplined her based on accusations of racist behavior that they knew were false, while simultaneously choosing not to punish Redman even after Kennedy complained that Redman was harassing her. However, punishing Kennedy based on false accusations that she engaged in racist harassment of Redman and called Redman a racial slur is not the same thing as punishing Kennedy because she is Caucasian." *Kennedy*, 2025 WL 1392216, at \*2. The Eleventh Circuit in *Kennedy* ultimately affirmed the District Court's dismissal of the complaint as the plaintiff "failed to plead facts plausibly suggesting she suffered adverse employment action due to intentional race-based discrimination…[and] thus failed to state a claim for relief under Title VII." *Id.*

The Plaintiff's Complaint here, has pled even less factual support than the complaint in *Kennedy*, and for similar reasons fails to state a claim for relief under § 1981 and should be dismissed. Plaintiff's only support for race-based discrimination is that Mr. Williams is black, and that Carnival has previously medical airlifted other unidentified passengers whom "on information and belief, were not black." [ECF No. 11, ¶¶ 20-21; ECF No. 16, pg. 7]. Simply put, Plaintiff's Complaint and its Response set forth no other factual allegations that Carnival's decision to not airlift Mr. Williams from the vessel had anything to do with race. "Carnival routinely disembarks passengers or prevents them from boarding for a number of reasons, some of which would not be 'similar.' … These decisions are made on a case-by-case basis…." *Afkhami v. Carnival Corp.*, 305 F. Supp. 2d 1308, 1322 (S.D. Fla. 2004). Further, Plaintiff has set forth no sufficient factual allegations to support that Defendant denied Plaintiff the "same terms, conditions, benefits, and/or privileges available to cruise passengers of other races." [ECF No. 16, pg. 4] [4].

---

[4] Plaintiff's Response argues that Defendant "does not dispute that Plaintiff sufficiently pled the first and third prongs – race membership and contractual injury." [DE 16, at pg. 4]. This is inaccurate. Defendant

Further, the supporting case law in Plaintiff's Response, finding sufficient factual allegations, go well beyond the Plaintiff's conclusory allegations here. *See Smith v. A-One Home Care, Inc.*, No. 1:22-CV-4572-SEG-JSA, 2023 WL 11977805, at *1 (N.D. Ga. Aug. 22, 2023), *report and recommendation adopted*, No. 1:22-CV-04572-SEG-JSA, 2023 WL 11979392 (N.D. Ga. Nov. 28, 2023) (finding sufficient factual allegations including: " 'A member of management made harassing and discriminatory statements based upon race and religion,' and '[o]n a consistent basis, Plaintiff's manager and/or supervisor Tanuj Bhatnajar made racially insensitive comments and called her racially derogatory names.' "); *Hines v. Publix Super Markets, Inc.*, No. 23-21815-CIV, 2023 WL 4489958, at *4 (S.D. Fla. July 12, 2023) ("Plaintiff alleges factual matter to support an inference that "racial animus" motivated Defendant's actions."); *Hopkins v. Saint Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 566 (11th Cir. 2010) (affirming dismissal of plaintiff's discrimination claims as "his complaint lists conclusory allegations of discrimination and fails to provide, as required by *Twombly* and *Iqbal,* the 'sufficient factual matter' to establish a prima facie case.").

Plaintiff's Response does not remedy the pleading deficiencies in Plaintiff's Complaint to adequately plead a claim for racial discrimination pursuant to 42 U.S.C. § 1981. Taken as true for purposes of analyzing dismissal at the pleading stage, Plaintiff's allegations, at best, allege that Plaintiff belongs to a racial minority group. Plaintiff's Complaint nor the Response set forth any factual support that there was any intentional racial discrimination or overt invocation of race, required to adequately state a claim for racial discrimination. In direct contrast, Plaintiff cites to cases which do provide sufficient factual assertions including racially derogatory remarks and detailed occurrences of racial discrimination by specific actors. The same is not true for Plaintiff's Complaint which does nothing more than set forth a conclusory recitation of elements under the

---

disputes all allegations made by Plaintiff except that Mr. Williams belongs to a racial minority group, which is alleged by Plaintiff and Defendant takes as true.

guise of a properly plead cause of action. Thus, Count I of Plaintiff's Complaint should be dismissed.

**II.      Amendment to Count II Would be Futile as Plaintiff's Claims Under FRCA Fail as a Matter of Law, and Thus Should be Dismissed with Prejudice**

Plaintiff's Response seems to concede that the claim made within Count II is deficient by requesting leave to amend and arguing dismissal with prejudice is too harsh. [ECF No. 16, at pg. 12]. However, Plaintiff's Response does not set forth any factual support of, nor even alludes to the suggestion that Plaintiff can in fact remedy the failed statutory condition precedent. As argued in Defendant's Motion to Dismiss: "Plaintiff's time to file a charge with the Florida Commission has expired pursuant to Florida Statute. Thus, amendment to this Count would be futile, as Plaintiff cannot cure the failure to comply with the condition precedent. *Johnson*, No. 2022 WL 18231487, at \*4." [ECF No. 11, fn. 1]. Plaintiff's Response does nothing to dispute Defendant's arguments, and instead seems to concede that Count II should be dismissed.

Plaintiff's Response argues that the Carnival *Venezia* should be considered a "place of public accommodation" pursuant to The Florida Civil Rights Act (FCRA). Plaintiff seems to agree with Defendant's argument that per *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1205 (11th Cir. 2007), medical centers or other medical facilities would not qualify as a "place of public accommodation" under the FCRA. [DE 16, at pg. 13]. However, Plaintiff argues that since the Carnival *Venezia* offers additional places of entertainment, food service, and lodging, and that Plaintiff was present in these areas at some point during the cruise, the claims should fall within "discrimination in places of public accommodation."

While it is true that the Carnival *Venezia* has places of entertainment, food service, and lodging, <u>none of these areas are the basis of Plaintiff's racial discrimination claims</u>. The statute that Plaintiff alleges Defendant violated is entitled "**<u>Discrimination in</u>** places of public

accommodation." Fla. Stat. §760.08 (emphasis added). Plaintiff's Complaint significantly does not allege any acts of discrimination within the other areas of the Carnival *Venezia*. Specifically, Plaintiff's Response seems to argue that Carnival directing "Plaintiff to go to pack their luggage" and "wait to disembark" in a common area should amount to discrimination. Even taking Plaintiff's allegations as true, none of these acts constitute racial discrimination which injured the Plaintiff, nor does Plaintiff argue such. Plaintiff's argument that Defendant's alleged "discriminatory conduct" extended to places on the Carnival *Venezia*, other than the medical center, is not supported by any factual claims made in Plaintiff's Complaint. Thus, Plaintiff's claims under the Florida Civil Rights Act fail as a matter of law, and Count II should be dismissed with prejudice, as amendment would be futile.

**III.    Plaintiff's Claims as Pled in the Complaint are Subject to DOHSA and the Complaint Should be Dismissed for Improper Requests for Relief**

Plaintiff's curious response to Defendant's argument that the exclusive remedy available to Plaintiff is governed by the Death on the High Seas Act ["DOHSA"], is that the "negligent actions," "operative negligence," and "ultimate cause of death" occurred on land in the Dominican Republic. [ECF No. 16, at pg. 14-15]. Plaintiff seems to contradict her own allegations in the Complaint asserting that "Carnival failed to arrange an airlift for Mr. Williams during a medical crisis or otherwise ensure that he received appropriate and timely medical care. An airlift would have enabled timely access to critical care and potentially saved his life. Due to Carnival's actions and negligence, Mrs. Williams and her son were traumatized and suffered severe emotional distress in addition to financial damages." [ECF No. 1, at ¶¶ 28-29]. Notably, if all the "negligent actions" and "operative negligence" occurred on land as Plaintiff now claims, the allegations in Plaintiff's Complaint should be dismissed for entirely separate reasons.

In any event, as alleged in the current Complaint, all of Plaintiff's claims, taken as true for purposes of a Motion to Dismiss, would be governed by DOHSA, which would be the exclusive remedy available for Plaintiff. *Kennedy v. Carnival Corp.*, 385 F. Supp. 3d 1302, 1317 (S.D. Fla. 2019), *report and recommendation adopted,* No. 18-20829-CIV, 2019 WL 2254962 (S.D. Fla. Mar. 21, 2019) ("[N]otwithstanding the foreign territorial connection, a 'maritime injury' still took place for our purposes because it occurred outside of the United States territorial waters. […]. That is all that DOHSA requires."). Thus, the Plaintiff's claims for damages for pain and suffering, mental anguish, loss of capacity for enjoyment of life, and any other request for non-pecuniary damages are barred, and Plaintiff is not entitled to a jury trial. *Lasky v. Royal Caribbean Cruises, Ltd.*, 850 F. Supp. 2d 1309, 1313 (S.D. Fla. 2012). For these reasons, the Complaint should be dismissed. *Smith v. Carnival Corp.*, No. 07-23363-CIV, 2008 WL 2704459, at *2 (S.D. Fla. June 24, 2008) (dismissing Complaint with leave to amend to conform to DOHSA's limited realm of recovery).

## IV.     Conclusion

In conclusion, Plaintiff's Response does not remedy nor alter the pleading deficiencies contained in Counts I and II of the Complaint. Additionally, Plaintiff's Response does not change the fact that as a matter of law, DOHSA would apply to Plaintiff's claims, barring the Plaintiff's requests for damages. Thus, for the reasons in Defendant's Motion to Dismiss [ECF No. 11], and as contained herein, Plaintiff's Complaint should be dismissed.

WHEREFORE, Defendant, CARNIVAL CORPORATION, respectfully requests that this Court dismiss Plaintiff's Complaint [ECF No. 1], and any other relief this Court deems just and proper.

Dated: June 27, 2025

Respectfully submitted,

/s/ Walter Cooper Jarnagin

Michael J. Drahos
Florida Bar No. 0617059
Michael.Drahos@Gray-Robinson.com

W. Cooper Jarnagin
Florida Bar No. 117767
Cooper.Jarnagin@Gray-Robinson.com

Ashley Genoese
Florida Bar No. 1019357
Ashley.Genoese@Gray-Robinson.com

GrayRobinson, P.A.
515 North Flagler Drive
Suite 650
West Palm Beach, Florida 33140
Telephone: (561) 268-5727
Attorneys for Defendant